Daniel J. Herling (SBN 103711)
djherling@mintz.com
Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: 415-432-6000
Fax: 415-432-6001

Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: 310-586-3200
Fax: 310-586-3202

Attorneys for Defendant
TARGET CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| SHEJUANA ARY, individually and on behalf of all other persons similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION,<br><br>           Defendant. | Case No. 4:22-cv-02625-HSG<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS AND TO STRIKE PLAINTIFF'S COMPLAINT**<br><br>Date:      October 13, 2022<br>Time:     2:00 p.m.<br>Judge:    Hon. Haywood S. Gilliam, Jr.<br>Location: 1301 Clay Street<br>              Courtroom 2, 4th Floor<br>              Oakland, CA 94612<br><br>Complaint filed:   April 29, 2022<br>Trial:                    TBD |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Federal Rule of Evidence 201, the incorporation by reference doctrine and this Court's inherent authority to take judicial notice, Defendant Target Corporation ("Defendant") respectfully requests that the Court take judicial notice of the following exhibits attached to the Declaration of Arameh Z. O'Boyle in Support of Defendant's Motion to Dismiss and to Strike Plaintiff's Complaint:

1. **Exhibit 1**: Package details for the up & up branded "maximum strength lidocaine pain-relief patches," 4% lidocaine/topical anesthetic, 6 patches;

2. **Exhibit 2:** Merriam-Webster.com Dictionary definition of the word "compare";

3. **Exhibit 3:** Merriam-Webster.com Dictionary definition of the phrase "up to";

4. **Exhibit 4:** Oxford English Dictionary definition of the phrase "at least";

5. **Exhibit 5:** Complaint filed in *Bell v. CVS Pharmacy, Inc.*, Case No. 1:21-cv-06850;

6. **Exhibit 6:** Complaint filed in *Gonzalez Rodriguez v. Walmart Inc.*, Case No. 1:22-cv-02991; and

7. **Exhibit 7:** Complaint filed in *Stevens v. Walgreens*, Case No. 1:21-cv-10603.

This request is made in connection with Defendant's Motion to Dismiss and to Strike Plaintiff's Complaint filed pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure.

**LEGAL DISCUSSION**

Federal Rule of Evidence 201 requires a court to take judicial notice of certain facts "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). A court may take judicial notice of a fact that is not subject to reasonable dispute because it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Sato v. Wachovia Mortg.*, 2011 WL 2784567, at *2 (N.D. Cal. July 13, 2011). Defendant's request is made pursuant to Fed. R. Evid. Rule 201 on the grounds that the foregoing documents are proper subjects for judicial notice because their contents are not subject to reasonable dispute and are capable of

1  accurate and ready determination by resort to sources whose accuracy cannot reasonably be
2  questioned.

3   The Court may take judicial notice of **Exhibit 1**, which depicts the packaging for up & up
4  branded "maximum strength lidocaine pain-relief patches," 4% lidocaine/topical anesthetic, "both
5  because the packaging is incorporated in the [Complaint] by reference . . ., and because the package
6  images [Plaintiffs] provided are not fully legible." *Gustavson v. Wrigley Sales Co.*, 2014 WL 60197,
7  at *3 (N.D. Cal. Jan. 7, 2014) (citing *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Dinan*
8  *v. Sandisk LLC*, 2019 WL 2327923 at *2 (N.D. Cal. May 31, 2019) (taking judicial notice "of the
9  packaging for the product Plaintiff purchased because it is incorporated by reference into the
10 Complaint"). Judicial notice of the packaging is particularly appropriate here because under
11 California law "the primary evidence in a false advertising case is the advertising itself." *Brockey v.*
12 *Moore*, 107 Cal. App. 4th 86, 100 (2003). Exhibit 1 contains clear images of the packaging for the
13 product referenced in Plaintiff's Complaint. As such, judicial notice is appropriate. *See Wright v. Gen.*
14 *Mills, Inc.*, 2009 WL 3247148, at *5 (S.D. Cal. Sept. 30, 2009) (taking judicial notice of product
15 labels and packaging that served as the basis of allegations in complaint); *Phillips v. P.F. Chang's*
16 *China Bistro, Inc.*, 2015 WL 4694049, at *2 (N.D. Cal. Aug. 6, 2015) (taking judicial notice of menus
17 from two different P.F. Chang's locations where the plaintiff's allegations "necessarily relie[d] on the
18 menus and the information contained therein").

19   **Exhibits 2, 3, and 4** are proper subjects for judicial notice because they are dictionary
20 definitions of "compare," "up to," and "at least."  "Courts routinely take notice of dictionary and
21 encyclopedia definitions." *Vampire Family Brands, LLC v. MPL Brands, Inc.*, 2021 WL 4134841, at
22 *1 (C.D. Cal. Aug. 6, 2021) (citing *Wilshire Westwood Assocs. v. Atl. Richfield Corp.*, 881 F.2d 801,
23 803 (9th Cir. 1989) (taking judicial notice of the Webster's Dictionary definition of the word
24 "fraction")). Therefore, this Court can take judicial notice of the attached dictionary definitions of
25 "compare," "temporary," "up to," and "at least." *See Rugg v. Johnson & Johnson*, 2018 WL 3023493,
26 at *3 n.3 (N.D. Cal. June 18, 2018) (taking judicial notice of the dictionary definition of
27 "hypoallergenic" and granting motion to dismiss consumer labeling claim).

28

**Exhibits 5, 6, and 7** also are proper subjects for judicial notice because they are consumer class action complaints, filed in other U.S. District Courts by the same attorneys who are counsel for Plaintiff in the instant action, against other retailers of over-the-counter adhesive lidocaine patch products. "A court may take judicial notice of complaints, court orders, and judgments filed in another litigation." *Myles v. Bank of Am., Inc.*, 2017 WL 24865, at *3 (N.D. Cal. Jan. 3, 2017); *see also Hung v. Tribal Techs.*, 2018 WL 827934, at *1, n.1 (N.D. Cal. Feb. 12, 2018), *aff'd*, 797 F. App'x 365 (9th Cir. 2020) (taking judicial notice of complaints, orders, and other court filings from a state court action); *Hung v. Tribal Techs.*, 2014 WL 6065620, at *2 (N.D. Cal. Nov. 12, 2014), *aff'd*, 682 F. App'x 602 (9th Cir. 2017) (explaining that taking judicial notice of complaints from a state court action "to show the causes of action . . . involved there" is "a perfectly permissible use of judicial notice.").

Accordingly, the exhibits are not subject to reasonable dispute. Defendant hereby requests that this Court take judicial notice of **Exhibits 1 through 7**, attached to the Declaration of Arameh Z. O'Boyle, which are submitted in support of Defendant's Motion to Dismiss and to Strike Plaintiff's Complaint.

Dated: August 24, 2022

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

_____
Daniel J. Herling
Arameh Z. O'Boyle
Paige E. Adaskaveg

Attorneys for Defendant
TARGET CORPORATION