**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com

**GUCOVSCHI ROZENSHTEYN, PLLC.**
Adrian Gucovschi (*pro hac vice* forthcoming)
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gr-firm.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEJUANA ARY, individually and on behalf of all other persons similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>                    Defendant. | Case No.: 4:22-cv-02625-HSG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: November 3, 2022<br>Time: 2:00 p.m.<br>Courtroom 2, 4th Floor |

Plaintiff Shejuana Ary ("Plaintiff") and Defendant Target Corporation ("Defendant") respectfully submit this Joint Case Management Statement pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9.

### 1. Jurisdiction and Service

Defendant has been served. Plaintiff is unaware of any issues concerning personal jurisdiction or venue. Plaintiff asserts that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A) and that venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

### 2. Facts

#### A. Plaintiff's Statement

This case arises from Defendant Target Corporation's manufacturing, marketing, distribution, and sale of its defective Maximum Strength Lidocaine Pain-Relief Patches (the "Products"). Plaintiff alleges that the Products are defective because it fails to adhere to consumers' bodies for the expressly warranted eight hours as "they are insufficiently flexible to withstand regular activities (such as walking, stretching, and sleeping)." Complaint ¶ 14. By failing to remain on a consumers' body, the Product fails to deliver "up to 8 hours" of "pain-relief." *Id.* ¶ 12. Plaintiff further alleges that Defendant's representation that the Product delivers a "maximum strength" dose of lidocaine is misleading because that representation signals to consumers that the Products "(1) contain and deliver the maximum amount of lidocaine available in the market; and (2) that they are superior, or at least equivalent, in efficacy and results to other over-the-counter and/or prescription-strength lidocaine patches." *Id.* ¶ 13. However, despite Defendant's representation, the Product does "not contain or deliver the maximum amount of lidocaine available in the market; and [] are not superior, or at least equivalent, in efficacy and results to other over-the-counter and/or prescription-strength lidocaine patches." *Id.* ¶ 14.

Plaintiff brings her claim against Defendant individually and on behalf of a class of all others similarly situated for (1) violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.*; (2) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; (3) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*;

(4) violation of California's Unfair Competition law, Cal. Bus. & Prof. Code § 17200, *et seq.*; and (5) Quasi-Contract/Unjust Enrichment.

### B. Defendant's Statement

For nearly forty years, the FDA has recognized, in a "Tentative Final Monograph" entitled *External Analgesic Drug Products for Over-the-Counter Human Use* ("TFM"), that lidocaine can be used as an over-the-counter (OTC) (non-prescription) analgesic up to a strength of 4%. Defendant's store-brand OTC "up & up lidocaine pain-relief patches" (the "Product") are sold at Target retail stores and online with a front label that describes it as "maximum strength" and prominently discloses what this means: "4% lidocaine/topical anesthetic." The Product label suggests consumers "[c]ompare to active ingredient in Salonpas Lidocaine Patch," which is another OTC lidocaine patch product. The front of the label also explains that the Product is "for temporary relief of pain," "up to 8 hours." The back of the Product package details the same active ingredient information ("Lidocaine 4%") and directs that consumers should "remove patch from the skin after at most 8 hours of application." The Product does not make any representations concerning its "flexibility."

Defendant denies the allegations in Plaintiff's Complaint, which are scarce on details of Plaintiff's own experience with the Product and, instead, appear nearly identical to the allegations in a complaint filed by Plaintiff's counsel in the Eastern District of New York regarding another brand of OTC lidocaine patch products sold at CVS. Plaintiff does not allege when she made her first purchase; how many times she purchased the Product; when Plaintiff made her purchases during an unspecified period of time; or how many times she used the Product. Defendant maintains that the Product is not defective and anticipates factual disputes as to whether Plaintiff reviewed and/or relied upon any of the challenged representations in purchasing the Product.

### 3. Legal Issues

#### A. Plaintiff's Statement

Plaintiff submits that the following legal issues are relevant to this action:

- Whether the Product was defective at the time of purchase;
- Whether (and when) Defendant knew of the alleged defect but continued to promote and sell the Product without disclosing the alleged problems and their consequences

to consumers in its marketing, advertising, and packing of its lidocaine pain relief patches;

- Whether a reasonable consumer would consider the alleged defect and its consequences important to the decision of whether to purchase the Product;

- Whether Defendant was unjustly enriched in retaining revenues derived from purchases of the Product.

- Whether Defendant acted unlawfully, unfairly, and/or fraudulently in violation of the state consumer protection laws identified in Plaintiff's Complaint.

### B. Defendant's Statement

As set forth in Defendant's Motion to Dismiss and to Strike Plaintiff's Complaint (ECF No. 21), Defendant submits that the following legal issues are central to this action:

- Whether Plaintiff's FAL, CLRA, and UCL causes of action should be dismissed for lack of standing to seek equitable relief given that Plaintiff pleads she has an adequate remedy at law.

- Whether Plaintiff's request for injunctive relief under the FAL and UCL should be dismissed under Rule 12(b)(1) for lack of Article III standing.

- Whether Plaintiff's fraud-based FAL, CLRA, and UCL claims should be dismissed for failure to state a claim given that (i) no reasonable consumer would be misled by the Product's labeling and (ii) there was no material omission of fact or duty to disclose.

- Whether Plaintiff's FAL and UCL claims should be dismissed for lack of statutory standing.

- Whether Plaintiff's UCL claims brought under the unlawful and unfair prongs should be dismiss for failure to state a claim given that they overlap entirely with Plaintiff's FAL, CLRA, UCL, and MMWA claims.

- Whether Plaintiff's MMWA claim should be dismissed for lack of jurisdiction and failure to plead an underlying violation of state warranty law.

- Whether Plaintiff's claim for quasi-contract/unjust enrichment should be dismissed for failure to state a claim.
- Whether Plaintiff's prayer for punitive damages must be dismissed as a matter of law.
- Whether the irrelevant and immaterial unverified studies relied upon by Plaintiff to support her claims (*See* Compl., pp. 9-13, nn. 3, 5, 6, 7, 10, 11, 13, 14, 15, 16, and 17; ¶¶ 27, 28) should be stricken from the FAC under Rule 12(f).
- Whether Plaintiff can meet her burden of proving the requirements for class certification under Rule 23.
- Whether Plaintiff and the putative class members are entitled to any damages, and if so, how damages should be calculated.
- Whether Plaintiff and the putative class members are entitled to restitution under the UCL, injunctive relief, and other equitable relief.

### 4. Motions

Defendant filed a motion to dismiss on August 24, 2022 (ECF No. 21). Plaintiff filed her opposition on September 28, 2022 (ECF No. 31). Defendant filed its reply on October 18, 2022 (ECF No. 32). The motion is scheduled to be heard on November 3, 2022.

Plaintiff anticipates moving for class certification by no later than 10 months after Defendant's answer.

Defendant anticipates filing a motion for summary judgment, opposition to Plaintiff's motion for class certification based on Plaintiff's inability to satisfy the requirements of predominance, adequacy, superiority, ascertainability of the class, and standing under Article III, and possibly Rule 702 motions. Defendant reserves its right to file additional motions, including, but not limited to, discovery motions, and motions *in limine*.

### 5. Amendment of Pleadings

Subject to the Court's ruling on the motion to dismiss, Plaintiff has no present intent to amend her complaint.

The Parties propose that the deadline to join additional parties or amend the pleadings be set for December 15, 2022.

**6. Evidence Preservation**

The Parties have reviewed this District's Guidelines for the Discovery of Electronically Stored Information ("ESI") and will meet and confer pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps necessary to preserve evidence relevant to the issues reasonably evident in this action. The Parties have agreed to further discuss: (a) the identification of relevant and discoverable ESI; (b) the scope of discoverable ESI to be preserved and produced by the Parties; (c) the formats for preservation and production of ESI; (d) the protection of confidential and proprietary information; (e) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and (f) any other relevant ESI issues involved in the case that may arise. The Parties will meet and confer to draft an appropriate stipulated protective order to govern the use and handling of documents and materials designated as "confidential."

Currently, both Parties are taking appropriate steps to preserve documents and data they reasonably believe may be relevant to this litigation.

**7. Disclosures**

The Parties propose that they exchange initial disclosures on November 30, 2022.

**8. Discovery**

The Parties have yet to serve their initial discovery requests. At this juncture, the Parties do not believe that there should be any modifications to the limitations on discovery set forth in the Federal Rules of Civil Procedure. The Parties reserve the right to take additional depositions by stipulation or by motion if additional depositions are necessary and proportionate. The Parties agree to accept service of discovery and discovery responses by email.

The Parties do not anticipate any issues relating to discovery of ESI and have agreed to meet and confer regarding any such issues in the event they arise and to ensure that production of such documents occurs in a practical manner that minimizes the burden and expense to the Parties. Likewise, the Parties do not anticipate any issues relating to claims of privilege or protection as to trial-preparation material. The Parties agree to meet and confer regarding the appropriate scope,

content, and form of the privilege log.  The Parties will comply with Fed. R. Civ. P. 26(b)(5) with regard to inadvertent disclosures.

Plaintiff anticipates taking discovery regarding the following topics: (1) the sales of Defendant's Product; (2) the labeling and marketing of Defendant's Product; (3) any testing regarding Defendant's Product; (4) customer complaints regarding Defendant's Product; (5) any communications with the FDA or other governmental agencies regarding Defendant's Product.

Defendant anticipates taking written discovery, third-party discovery, expert discovery and depositions on topics including, but not limited to, Plaintiff's relevant medical history, purchase of the Product, damages, as well as any topics identified by Plaintiff.

### 9. Class Actions

This action is brought as a class action and Plaintiff seeks certification of the following classes under Fed. R. Civ. P. 23 as follows:

**Nationwide Class:**

All persons within the United States who, within the applicable statute of limitations period, up to and including the date of final judgment in this action, purchased any of the Products.

**California Subclass:**

All persons within the State of California who, within the applicable statute of limitations period, up to and including the date of final judgement in this action, purchased any of the Products.

Defendant does not believe this case is appropriate for class treatment and will oppose Plaintiff's motion for class certification under either a Nationwide or California subclass.

### 10. Related Cases

The Parties are unaware of any related cases pursuant to Local Rule 3-12.  However, there are several pending putative class actions in district courts throughout the country (including, the Northern District of California, the Southern District of New York, the Eastern District of New York, the Northern District of Illinois, the Southern District of Illinois, the Eastern District of

Illinois), against other manufacturers and retailers of various adhesive lidocaine patches sold over-the-counter ("OTC").

### 11. Relief

Plaintiff seeks compensatory damages and/or restitution or disgorgement, injunctive relief, and reasonable attorneys' fees, costs, and expenses. Defendant denies that Plaintiff or the putative class is entitled to any relief and requests that the Complaint be dismissed. Defendant reserves the right to seek fees and costs.

### 12. Settlement and ADR

The Parties agree that private mediation is the appropriate form of ADR in this case if the Parties are unable to reach a settlement on their own.

### 13. Consent to Magistrate Judge for All Purposes

Plaintiff declines to have a magistrate judge conduct all further proceedings.

### 14. Other References

The Parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The Parties are presently unaware of any stipulations or agreements that could narrow the issues at this time.

### 16. Expedited Trial Procedure

The Parties do not believe this case is suitable for the Expedited Trial Procedure of General Order 64, Attachment A.

### 17. Scheduling

The parties respectfully submit that they will be in a better position to propose a pre-trial schedule after resolution of Plaintiff's anticipated motion for class certification. The Court's decision on class certification will impact other pre-trial events, such as class notice, interlocutory appeals, and whether dispositive motions or trial will be directed at individual or class-wide claims. Therefore, the parties propose that the Court schedule a case management conference within 30 days after it issues an order on Plaintiff's anticipated motion for class certification and require the

parties to meet and confer regarding the remainder of the pre-trial schedule at that time. At this time, the parties propose that the Court adopt the following schedule for class certification briefing but defer setting dates for other pre-trial events until after the Court issues a ruling on class certification:

| Scheduled Event | Parties' Proposed Dates |
| --- | --- |
| Deadline to Exchange Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) | November 30, 2022 |
| Deadline to file a motion to amend the pleadings or add parties | December 15, 2022 |
| Deadline for Close of Fact Discovery | 10 months after Answer. |
| Deadline to File Motion for Class Certification | 10 months after Answer. |
| Deadline to File Class Certification Opposition Brief | 12 months after Answer. |
| Deadline to File Class Certification Reply | 13 months after Answer. |
| Class Certification Hearing | 15 months after Answer. |
| Deadline to Complete Court-Sponsored Mediation | 16 months after Answer. |

18. **Trial**

The Parties request a jury trial. At this time, the Parties believe it is premature to determine a trial date and trial duration because the outcome of Plaintiff's anticipated motion for class certification will impact the likely timing and duration of trial. The Parties also believe that it is premature to schedule other pretrial deadlines until after a ruling on Plaintiff's anticipated class certification motion.

19. **Disclosure of Non-Party Interested Entities or Persons**

The Parties do not believe any non-party entities or persons have an interest in this case.

**20.** **Professional Conduct**

Counsel for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.** **Other Matters**

The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive disposition of this matter.

Dated: October 27, 2022                                    Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:          /s/ L. Timothy Fisher          

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com

Joseph I. Marchese (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com

**GUCOVSCHI ROZENSHTEYN, PLLC.**
Adrian Gucovschi (*pro hac vice* forthcoming)
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
Facsimile: (212) 884-4230
E-Mail: adrian@gr-firm.com

*Attorneys for Plaintiff*

Dated:  October 27, 2022                                   Respectfully submitted,

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By:          /s/ Daniel J. Herling          

Daniel J. Herling
Arameh Z. O'Boyle

|   |   |
|---|---|
| 1 | Geoffrey A. Friedman |
| 2 | Paige E. Adaskaveg |
| 3 | Attorneys for Defendant<br>TARGET CORPORATION |