Daniel J. Herling (SBN 103711)
djherling@mintz.com
Geoffrey A. Friedman (SBN 302496)
gafriedman@mintz.com
Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: 415-432-6000
Fax: 415-432-6001

Arameh Z. O'Boyle (SBN 239495)
azoboyle@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: 310-586-3200
Fax: 310-586-3202

Attorneys for Defendant
TARGET CORPORATION

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SHEJUANA ARY, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br>vs.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.  4:22-cv-02625-HSG<br><br>**DEFENDANT TARGET CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Case Assigned to Hon. Haywood S. Gilliam, Jr.<br>Courtroom 2<br><br>Complaint filed:   April 29, 2022<br>Trial:                    TBD |

Defendant Target Corporation ("Defendant" or "Target") hereby submits this Answer in response to the First Amended Complaint ("Complaint") of Plaintiff Shejuana Ary ("Plaintiff" or "Ary") as follows:

Target denies each and every allegation, statement, matter and thing contained in Plaintiff's Complaint except as it is hereinafter expressly admitted or alleged.

**INTRODUCTION**

1. Answering Paragraph 1 of Plaintiff's Complaint, Target admits that it markets and sells the "up & up lidocaine pain-relief patches" (the "Product") at certain brick-and-mortar Target stores and online through www.target.com. Target is without sufficient knowledge or information to either admit or deny the remaining allegations and therefore denies them.

2. Answering Paragraph 2 of Plaintiff's Complaint, Target is without sufficient knowledge or information to either admit or deny the allegations contained therein and therefore denies them.

3. Answering Paragraph 3 of Plaintiff's Complaint, Target denies the allegations contained therein.

4. Answering Paragraph 4 of Plaintiff's Complaint, Target denies the allegations contained therein.

**THE PARTIES**

5. Answering Paragraph 5 of Plaintiff's Complaint, Target is without sufficient knowledge or information to either admit or deny these allegations and therefore denies them.

6. Answering Paragraph 6 of Plaintiff's Complaint, Target denies the allegations contained therein.

7. Answering Paragraph 7 of Plaintiff's Complaint, Target admits that it is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota and that it markets and sells the Product at certain brick-and-mortar Target stores and online through www.target.com. Target denies any allegations not expressly admitted.

**JURISDICTION AND VENUE**

8. Paragraph 8 contains legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 8.

9. Paragraph 9 contains legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 10.

**FACTUAL ALLEGATIONS**

*Defendant's False Advertising*

11. Answering Paragraph 11 of the Complaint, Target admits that it markets and sells the Product at certain brick-and-mortar Target stores and online through www.target.com and that the packaging for the Product includes the terms "maximum strength lidocaine pain-relief patches," and "up to 8 hours." Target denies every allegation not expressly admitted.

12. Answering Paragraph 12 of Plaintiff's Complaint, Target admits that the Product's front packaging is pictured in Paragraph 12. Target denies every allegation not expressly admitted.

13. Answering Paragraph 13 of Plaintiff's Complaint, Target denies the allegations contained therein.

14. Answering Paragraph 14 of Plaintiff's Complaint, Target denies the allegations contained therein.

*Defendant's Knowledge of the Defective Lidocaine Patches*

15. Answering Paragraph 15 of Plaintiff's Complaint, Target denies the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, Target denies the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Target denies the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Target denies the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, Target denies the allegations contained therein.

20. Answering Paragraph 20 of Plaintiff's Complaint, Target denies the allegations contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, Target denies the allegations contained therein.

22. Answering Paragraph 22 of Plaintiff's Complaint, Target denies the allegations contained therein.

23. Answering Paragraph 23 of Plaintiff's Complaint, Target denies the allegations contained therein.

*Defendant's "Maximum Strength" Lidocaine Patches Misrepresentations*

24. Answering Paragraph 24 of Plaintiff's Complaint, Target admits that the FDA published a Tentative Final Monograph for External Analgesic Drug Products for Over-the-Counter Human Use, 48 Fed. Reg. 5852-01 (Feb. 8, 1983) ("1983 Tentative Final Monograph"). Target denies every allegation not expressly admitted.

25. Answering Paragraph 25 of Plaintiff's Complaint, Target denies the allegations contained therein.

26. Answering Paragraph 26 of Plaintiff's Complaint, Target denies the allegations contained therein.

27. Answering Paragraph 27 of Plaintiff's Complaint, Target denies the allegations contained therein.

28. Answering Paragraph 28 of Plaintiff's Complaint, Target denies the allegations contained therein.

29. Answering Paragraph 29 of Plaintiff's Complaint, Target denies the allegations contained therein.

30. Answering Paragraph 30 of Plaintiff's Complaint, Target denies the allegations contained therein.

31. Answering Paragraph 31 of Plaintiff's Complaint, Target denies the allegations contained therein.

32. Answering Paragraph 32 of Plaintiff's Complaint, Target denies the allegations contained therein.

33. Answering Paragraph 33 of Plaintiff's Complaint, Target denies the allegations contained therein.

34. Answering Paragraph 34 of Plaintiff's Complaint, Target denies the allegations contained therein.

35. Answering Paragraph 35 of Plaintiff's Complaint, Target denies the allegations contained therein.

36. Answering Paragraph 36 of Plaintiff's Complaint, Target denies the allegations contained therein.

37. Answering Paragraph 37 of Plaintiff's Complaint, Target denies the allegations contained therein.

38. Answering Paragraph 38 of Plaintiff's Complaint, Target denies the allegations contained therein.

39. Answering Paragraph 39 of Plaintiff's Complaint, Target denies the allegations contained therein.

## **CLASS ACTION ALLEGATIONS**

40. Paragraph 40 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

41. Paragraph 41 contains general allegations and legal conclusions to which no response is required.  To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

1     42.     Paragraph 42 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

43.     Paragraph 43 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

44.     Paragraph 44 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

45.     Paragraph 45 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

46.     Paragraph 46 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

47.     Paragraph 47 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

48.     Paragraph 48 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

   a. Paragraph 48(a) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

   b. Paragraph 48(b) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that

       Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

   c. Paragraph 48(c) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

   d. Paragraph 48(d) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

   e. Paragraph 48(e) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

   f. Paragraph 48(f) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

49. Paragraph 49 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

50. Paragraph 50 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

51. Paragraph 51 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

      a. Paragraph 51(a) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

      b. Paragraph 51(b) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

      c. Paragraph 51(c) contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies that Plaintiff's case is entitled to class treatment and denies that these class action allegations have any legal merit.

## CAUSES OF ACTION

## COUNT I

**Violation of California's False Advertising Law,**

**Cal. Bus. & Prof. Code § 17500, et seq.**

**(On Behalf of Plaintiff and the California Subclass)**

52. Answering Paragraph 52 of Plaintiff's Complaint, Target re-alleges and incorporates its answers to Paragraph 1-51 as though fully set forth herein. To the extent any allegations are not specifically admitted, Target denies each and every allegation.

53. Paragraph 53 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 53.

54. In response to Paragraph 54 of Plaintiff's Complaint, Target denies the allegations contained therein.

55. In response to Paragraph 55 of Plaintiff's Complaint, Target denies the allegations contained therein.

56. In response to Paragraph 56 of Plaintiff's Complaint, Target denies the allegations contained therein.

57. In response to Paragraph 57 of Plaintiff's Complaint, Target denies the allegations contained therein.

58. Paragraph 58 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 58.

## COUNT II

### Violation of California's Consumers Legal Remedies Act ("CLRA"),

### California Civil Code § 1750, *et seq*.

### (On Behalf of Plaintiff and the California Subclass)

59. Answering Paragraph 59 of Plaintiff's Complaint, Target re-alleges and incorporates its answers to Paragraph 1-58 as though fully set forth herein. To the extent any allegations are not specifically admitted, Target denies each and every allegation.

60. Paragraph 60 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 60.

61. Paragraph 61 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 61.

62. Paragraph 62 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 62.

63. In response to Paragraph 63 of Plaintiff's Complaint, Target denies the allegations contained therein.

64. In response to Paragraph 64 of Plaintiff's Complaint, Target denies the allegations contained therein.

65. In response to Paragraph 65 of Plaintiff's Complaint, Target denies the allegations contained therein.

66. Paragraph 66 contains general allegations and legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in Paragraph 66.

## PRAYER FOR RELIEF

The allegations set forth in Plaintiff's Prayer for Relief contain legal conclusions to which no response is required. To the extent a response is required, Target denies the allegations contained in the Prayer for Relief, and further denies that Plaintiff is entitled to any relief whatsoever on any of the claims asserted in the Complaint.

## AFFIRMATIVE DEFENSES

Target, in the alternative, and without prejudice to the denials and other statements made in its Answer to Plaintiff's Complaint, states the following Affirmative Defenses. By setting forth these affirmative defenses, Target does not assume the burden of proof as to any fact, issue or other element of any cause of action for which Plaintiff bears the burden of proof:

## FIRST AFFIRMATIVE DEFENSE
### (Defenses Specific to Class Members)

Target may have additional unique affirmative defenses applicable to different putative members of Plaintiff's proposed classes. Target reserves the right to assert such additional defenses as the need arises, insofar as class certification has not been granted and is not appropriate in this case.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Plaintiff's Complaint and each and every separate cause of action therein, fails to state facts sufficient to constitute any cause of action against Target.

///

///

**THIRD AFFIRMATIVE DEFENSE**

**(Class Certification)**

Plaintiff's Complaint, and each and every cause of action therein, is not suitable for treatment as a class action because:

    a. There are no ascertainable or identifiable classes.

    b. There are questions of fact and law particular to each individual member of the putative classes that predominate over the questions of fact and law, if any, that are purportedly common to members of the putative classes.

    c. The named Plaintiff is not a proper or adequate representative of the putative class.

    d. The claims of the named Plaintiff are not sufficiently typical of those of the putative class members. Plaintiff's claims are not typical of the purported Class.

    e. Damages cannot be proven on a class-wide basis.

**FOURTH AFFIRMATIVE DEFENSE**

**(Federal Preemption)**

Plaintiff's claims are expressly and impliedly preempted by federal law, including but not limited to, the Food, Drug and Cosmetics Act and the 1983 Tentative Final Monograph.

**FIFTH AFFIRMATIVE DEFENSE**

**(Compliance with Laws)**

Plaintiff's claims are barred because the conduct alleged in the Complaint complies with applicable laws, including but not limited to the Food and Drug Administration's regulations and the Federal Food, Drug, and Cosmetics Act.

**SIXTH AFFIRMATIVE DEFENSE**

**(No Right to Injunctive Relief)**

To the extent the Complaint seeks injunctive relief, Plaintiff is not entitled to such relief because the hardship that would be imposed on Target by any such relief would be greatly disproportionate to any hardship that Plaintiff might suffer in its absence. Further, any injunctive

relief that would require the regulation by the Court on an ongoing basis is inappropriate, and Target's advertising and marketing activities are already monitored by various federal and state agencies.

### SEVENTH AFFIRMATIVE DEFENSE

### (Advertising Not False or Misleading)

Plaintiff's Complaint, and each and every cause of action therein, fail because Target's advertising and representations concerning the Product did not contain any false or misleading statement or promises, did not promise any good not intended to be delivered, and could not have reasonably been misunderstood as misleading by a reasonable consumer. As such, these representations are not, and were not, deceptive, false, misleading, fraudulent, and/or unlawful, and were not intended to mislead or deceive consumers because, among other things, Target lacked knowledge of the alleged defect.

### EIGHTH AFFIRMATIVE DEFENSE

### (Uncertainty)

Plaintiff's Complaint, and each and every cause of action therein, is vague, uncertain, ambiguous and unintelligible.

### NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's and the putative class members' claims are barred, in whole or in part, because Plaintiff and the putative class are fully advised of the nature of the transaction in which they participated and, with full knowledge thereof, participated in the transactions of which they complain, and so are estopped from obtaining any relief as asserted in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

### (Laches and Unclean Hands)

Plaintiff's and the putative class members' claims are barred, in whole or in part, by the doctrines of laches and unclean hands.

///

///

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff and the putative class members are precluded from recovering on their claims, in whole or in part, because they would be unjustly enriched by the requested relief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Absence of Injury)

Plaintiff and the putative class members have not sustained any injury or damage as a result of any actions allegedly taken by Target and are thus barred from asserting any claims against Target. Plaintiff and the putative class members did not suffer any economic harm and are thus precluded from monetary recovery under the statutes cited in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Damages Unascertainable)

Plaintiff's and the putative class members' claims are barred, in whole or in part, to the extent the damages sought by Plaintiff and the putative class members are speculative, remote, and/or impossible to ascertain.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Mitigation of Damages)

The Complaint, and each and every cause of action therein, fails because Plaintiff failed to mitigate her damages, if any, from the alleged acts of which Plaintiff complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Objective Reliance)

Plaintiff's and the putative class members' claims fail, in whole or in part, because the allegedly deceptive representations were such that no reasonable person in Plaintiff's position could have reasonably relied upon or understood the representations in the manner alleged in the Complaint.

///

///

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Subjective Reliance)

Plaintiff's and the putative class members' claims fail, in whole or in part, because Plaintiff did not in fact rely to her detriment on the representations alleged in the Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Materiality)

Plaintiff and the putative class members are precluded from recovery because the representations and omissions alleged in the Complaint were and are not material to their decisions to purchase the products at issue.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

Plaintiff's claims for equitable relief on her behalf and on behalf of the putative class members are barred because Plaintiff and the putative class members have adequate remedies at law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Proximate Causation)

Plaintiff and the putative class members are precluded from recovering on their claims, in whole or in part, because there is no causal link between the alleged misrepresentations or omissions and a resulting loss, and/or because any damages sustained by Plaintiff and the putative class members, if any, were proximately caused by the superseding or intervening actions or omissions of Plaintiff, the putative class members, or other nonparties and/or by superseding or intervening events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent of or removed from Target's conduct.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

Any and all violations alleged in the Complaint were proximately caused or contributed to by the acts, omissions, or conduct of parties other than Target, and for this reason, the Complaint fails to

state facts sufficient to constitute a cause of action against Target. In the alternative, Target is entitled to contribution from such other parties or proration of civil penalties or other relief.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

**(Waiver)**

The Complaint, and each and every cause of action therein, is barred by the doctrine of waiver.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

The Complaint is barred, in whole or in part, by the applicable statute of limitations.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

**(Exhaustion)**

The Complaint, and each and every cause of action therein, is barred by the doctrine of exhaustion.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

**(Primary Jurisdiction)**

Plaintiff's and the putative class members' claims are barred by the doctrine of primary jurisdiction.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

**(Standing)**

The Complaint, and each and every cause of action therein, may be barred, in whole or in part, for lack of standing.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

**(Notice)**

The Complaint, and each and every cause of action therein, may be barred, in whole or part, by Plaintiff's failure to comply with the notice and demand procedures required under California Civil Code § 1750 *et seq*.

///

///

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reservation)

Target reserves the right to amend its Answer and Affirmative Defenses and/or to assert additional affirmative defenses as they become known to Target through the course of discovery and further investigation. Target has not knowingly or intentionally waived any applicable affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, Target prays as follows:

1. That Plaintiff Shejuana Ary take nothing from Defendant Target Corporation in this suit;

2. That judgment be awarded against Plaintiff Shejuana Ary and in favor of Defendant Target Corporation;

3. That Defendant Target Corporation be awarded its fees and costs; and

4. For any other and further such relief as this Court may deem just, proper and equitable.

## JURY DEMAND

Defendant Target Corporation hereby demands a jury trial for each and every cause of action and affirmative defense herein that sounds in law.

Dated:  April 27, 2023					Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

_____
Daniel J. Herling
Arameh Z. O'Boyle
Geoffrey A. Friedman
Paige E. Adaskaveg

Attorneys for Defendant
TARGET CORPORATION