**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
E-Mail: jmarchese@bursor.com

**GUCOVSCHI ROZENSHTEYN, PLLC.**
Adrian Gucovschi (*pro hac vice* forthcoming)
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
E-Mail: adrian@gr-firm.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEJUANA ARY, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: 3:22-cv-02625-RFL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge Rita F. Lin |

Plaintiff Shejuana Ary ("Plaintiff") and Defendant Target Corporation ("Defendant") respectfully submit this Joint Case Management Statement pursuant to the Court's November 27, 2023 Order reassigning this case to Judge Rita F. Lin.

1. **Date Filed**

Plaintiff filed this action on April 29, 2022 (ECF No. 1).

2. **Parties**

(a) Plaintiff Shejuana Ary, who is represented by:

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
E-mail: ltfisher@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
E-Mail: jmarchese@bursor.com

**GUCOVSCHI ROZENSHTEYN, PLLC.**
Adrian Gucovschi (*pro hac vice* forthcoming)
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
E-Mail: adrian@gr-firm.com

(b) Defendant Target Corporation, which is represented by:

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
Daniel J. Herling (State Bar No. 103711)
Geoffrey A. Friedman (State Bar No. 302496)
Paige E. Adaskaveg (State Bar No. 330551)
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Tel: 415-432-6000
Fax: 415-432-6001
E-mail: djherling@mintz.com
        gafriedman@mintz.com
        peadaskaveg@mintz.com

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**
Arameh Z. O'Boyle (State Bar No. 239495)
2049 Century Park East, Suite 300
Los Angeles, CA 90067
Tel: 310-586-3200
Fax: 310-586-3202

E-mail: azoboyle@mintz.com

**3.    Claims and Facts**

      **A.    Plaintiff's Statement**

This case arises from Defendant Target Corporation's manufacturing, marketing, distribution, and sale of its defective Maximum Strength Lidocaine Pain-Relief Patches (the "Products"). Plaintiff alleges that the Products are defective because it fails to adhere to consumers' bodies for the expressly warranted eight hours as "they are insufficiently flexible to withstand regular activities (such as walking, stretching, and sleeping)." First Amended Complaint ("FAC") ¶ 14. By failing to remain on a consumers' body, the Product fails to deliver "up to 8 hours" of "pain-relief." *Id.* ¶ 12. Plaintiff further alleges that Defendant's representation that the Product delivers a "maximum strength" dose of lidocaine is misleading because that representation signals to consumers that the Products "(1) contain and deliver the maximum amount of lidocaine available in the market; and (2) that they are superior, or at least equivalent, in efficacy and results to other over-the-counter and/or prescription-strength lidocaine patches." *Id.* ¶ 13. However, despite Defendant's representation, the Product does "not contain or deliver the maximum amount of lidocaine available in the market; and [] are not superior, or at least equivalent, in efficacy and results to other over-the-counter and/or prescription-strength lidocaine patches." *Id.* ¶ 14.

Plaintiff brings her claim against Defendant individually and on behalf of a class of all others similarly situated for (1) violation of California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; and (2) violation of California's Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*

      **B.    Defendant's Statement**

For nearly forty years, the FDA has recognized, in a "Tentative Final Monograph" entitled *External Analgesic Drug Products for Over-the-Counter Human Use* ("TFM"), that lidocaine can be used as an over-the-counter (OTC) (non-prescription) analgesic up to a strength of 4%. Defendant's store-brand OTC "up & up lidocaine pain-relief patches" (the "Product") are sold at Target retail stores and online with a front label that describes it as "maximum strength" and prominently discloses what this means: "4% lidocaine/topical anesthetic." The Product label suggests consumers

"[c]ompare to active ingredient in Salonpas Lidocaine Patch," which is another OTC lidocaine patch product. The front of the label also explains that the Product is "for temporary relief of pain," "up to 8 hours." The back of the Product package details the same active ingredient information ("Lidocaine 4%") and directs that consumers should "remove patch from the skin after at most 8 hours of application." The Product does not make any representations concerning its "flexibility."

Defendant denies the allegations in Plaintiff's First Amended Complaint, which are scarce on details of Plaintiff's own experience with the Product and, instead, appear nearly identical to the allegations in other nearly identical complaints filed by Plaintiff's counsel, including one in the Eastern District of New York regarding another brand of OTC lidocaine patch products sold at CVS. Plaintiff does not allege when she made her first purchase; how many times she purchased the Product; when Plaintiff made her purchases during an unspecified period of time; or how many times she used the Product. Defendant maintains that the Product is not defective and anticipates factual disputes as to whether Plaintiff purchased the product, the purpose for which Plaintiff purchased the Product, the way Plaintiff used the product, and whether Plaintiff reviewed and/or relied upon any of the challenged representations in purchasing the Product.

**4.    Legal Issues**

    **A.    Plaintiff's Statement**

Plaintiff submits that the following legal issues are relevant to this action:

- Whether the Product was defective at the time of purchase;
- Whether (and when) Defendant knew of the alleged defect but continued to promote and sell the Product without disclosing the alleged problems and their consequences to consumers in its marketing, advertising, and packing of its lidocaine pain relief patches;
- Whether a reasonable consumer would consider the alleged defect and its consequences important to the decision of whether to purchase the Product; and
- Whether Plaintiff and the Class and Subclass are entitled to compensatory damages, injunctive relief and such other relief as is set forth in the FAC.

### B. Defendant's Statement

Defendant submits that the following legal issues are central to this action:

- Whether Plaintiff can meet her burden of proving the requirements for class certification under Rule 23.
- Whether Plaintiff and the putative class members are entitled to any damages, and if so, how damages should be calculated.
- Whether Plaintiff purchased the Product, and whether Plaintiff reviewed and/or relied upon any of the challenged representations in purchasing the Product.

### 5. Relief

Plaintiff seeks the following relief:

(a) An order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as a representative of the Classes; and naming Plaintiff's attorneys as Class Counsel to represent the Classes;

(b) An order finding in favor of Plaintiff and the Classes on all counts asserted herein;

(c) Compensatory damages in amounts to be determined by the Court and/or jury;

(d) Prejudgment interest on all amounts awarded;

(e) Injunctive relief as necessary to remedy the unlawful conduct described herein; and

(f) An order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit.

### 6. Discovery

The parties exchanged initial disclosures earlier this year.  Plaintiff and Defendant both served initial discovery requests a few months ago.  The parties have answered the discovery requests and made document productions.

Plaintiff served an FRCP 30(b)(6) deposition notice on September 18, 2023.  The parties have postponed the deposition while they discuss the resolution of this matter.

**7.     Related Cases**

The parties are unaware of any related cases pursuant to Local Rule 3-12.  However, there are several pending putative class actions in district courts throughout the country (including, the Northern District of California, the Southern District of New York, the Eastern District of New York, the Northern District of Illinois, the Southern District of Illinois, the Eastern District of Illinois), against other manufacturers and retailers of various adhesive lidocaine patches sold over-the-counter ("OTC").

**8.     Procedural History**

Defendant filed a motion to dismiss on August 24, 2022 (ECF No. 21).  Plaintiff filed her opposition on September 28, 2022 (ECF No. 31).  Defendant filed its reply on October 18, 2022 (ECF No. 32).  On March 23, 2023, the Court issued an order granting in part and denying in part Defendant's motion to dismiss (ECF No. 35).

On April 13, 2023, Plaintiff filed a First Amended Complaint (ECF No. 36). Defendant answered the First Amended Complaint on April 27, 2023 (ECF No. 38).

**9.     Deadlines and Possible Modification**

Plaintiff's motion for class certification is currently due on January 26, 2024.  Defendant's opposition to Plaintiff's motion is due on March 29, 2024.  Plaintiff's reply in support of her motion for class certification is due on May 3, 2024.  The fact discovery cut-off is January 26, 2024.

The parties anticipate filing a stipulation to extend the above deadlines in the near future to allow them to continue their discussions about resolution of this matter.

**10.    Consent to Magistrate Judge for All Purposes**

Plaintiff declined to have a magistrate judge conduct all further proceedings.

**11.    Emergency**

The parties do not believe that there is any need for a case management conference to be scheduled in this action currently.

| | | |
|---|---|---|
| 1 | Dated: December 8, 2023 | Respectfully submitted, |
| 2 | | **BURSOR & FISHER, P.A.** |
| 3 | | By:_____/s/ L. Timothy Fisher_____ |
| 4 | | L. Timothy Fisher (State Bar No. 191626)<br>1990 North California Blvd., Suite 940<br>Walnut Creek, CA 94596<br>Telephone: (925) 300-4455<br>E-mail: ltfisher@bursor.com |

Joseph I. Marchese (*pro hac vice* forthcoming)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
E-Mail: jmarchese@bursor.com

**GUCOVSCHI ROZENSHTEYN, PLLC.**
Adrian Gucovschi (*pro hac vice* forthcoming)
630 Fifth Avenue, Suite 2000
New York, NY 10111
Telephone: (212) 884-4230
E-Mail: adrian@gr-firm.com

*Attorneys for Plaintiff*

Dated:  December 8, 2023        Respectfully submitted,

**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**

By:_____/s/ Daniel J. Herling_____

Daniel J. Herling
Arameh Z. O'Boyle
Geoffrey A. Friedman
Paige E. Adaskaveg

Attorneys for Defendant
TARGET CORPORATION